L. W. GUMPERT v. THE STATE.

No. 6162.   Decided March 16, 1921.

1.—Forgery—Charge of Court—Intent to Injure—Requested Charge.

Where, the requested charge, upon trial of forgery, with reference to the intent to injure was substantially submitted in the main charge, there was no error in refusing it.

2.—Same—Person to be Defrauded—Name of Person Defrauded.

Assuming that the State is bound to prove the intent to defraud the person alleged in the indictment, upon trial of passing a forged instrument, the evidence being quite sufficient to discharge this burden, there was no error in refusing a requested charge which was embraced in the main charge; besides, an averment of the name of the person to be defrauded in the indictment was unnecessary.

3.—Same—Requested Charge—Guilty Knowledge—Article 743, C. C. P.

Where, upon trial of passing a forged instrument, the defendant requested a charge that if he did not know the checks were forged he would not be guilty, but this matter was already embraced in the court's main charge, there was no error in refusing the requested charge, as it was not calculated to injure the defendant under Article 743, C. C. P. Following Eggleston v. State, 59 Texas Crim. Rep., 543, and other cases.

4.—Same—Indictment—Duplicitious Pleading—Obligation—Instrument.

Where, upon trial of passing forged instrument, the defendant by motion to quash and in arrest of judgment attacked the indictment, because it was duplicitous and ambiguous and failed to show that it was such an

instrument as would increase or diminish the obligation or transfer of any property, etc., the same was untenable; the instrument being a check ordinarily used in commercial transactions, and the fact that forgery and uttering a forged instrument are alleged in separate counts in the same indictment does not render it duplicitous. Following Chester v. State, 23 Texas Crim. App., 577, and other cases.

Appeal from the District Court of McLennan. Tried below before the Honorable Richard I. Monroe.

Appeal from a conviction of passing a forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*James E. Yeager,* for appellant.—On question of insufficiency of indictment: Morris v. State, 106 S. W. Rep., 383.

On question of charge of court: Scott v. State, 48 S. W. Rep., 523; Overly v. State, 31 id., 377. Moore v. State, 206 S. W. Rep., 683.

*C. M. Cureton,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.—Cited Hooper v. State, 30 Texas Crim. App., 412; Hall v. State, 55 Texas Crim. Rep., 267; Williams v. State, 58 id., 82.

MORROW, PRESIDING JUDGE.—Appellant was indicted for forgery and for passing a forged instrument. The instrument described is a check for $18.65, purporting to be the act of C. A. Morris.

The count on passing charges that the instrument was passed to injure and defraud C. A. Morris. That count alone was submitted. The complaint is made of the failure to give a special charge to acquit unless they believed, beyond a reasonable doubt, that the intent was to injure C. A. Morris. The requested charge was not materially different from that given by the court in his main charge, wherein the jury was instructed that:

"If you believe from the evidence, beyond a reasonable doubt, that the instrument set out in the indictment was forged, and if you further believe from the evidence, beyond a reasonable doubt, that the defendant, in the County of McLennan and State of Texas, on or about the 6th day of August, 1920, as alleged, knowing the same to be a forged instrument, did knowingly pass to John Anderson with the intent to defraud C. A. Morris, as true, the said alleged forged instrument, then you will find him guilty . . ."

No reason is given in the bill of exceptions complaining of the refusal of the court to give the special charge, nor do we discern from the record, that, in view of the instruction embodied in the court's charge, the special instruction was necessary to protect the rights of appellant.

Averment in the indictment of the name of the person to be defrauded was unnecessary. Assuming that the State was bound to prove the intent to defraud him, the evidence is quite sufficient to dis-

charge this burden and it occurs to us that, as the record is presented, no error is shown in the refusal of the court to repeat in a special charge that which is substantially given in the main charge.

Appellant accounted for his possession of the check by the statement that he met a boy who had four checks in his possession, all purporting to bear the signature of C. A. Morris; that he did not know and did not ask the boy his name but that the boy had told him he would give him half of the amount of the checks to cash them; and that he undertook to do so. The proof showed, with reference to the check described in the indictment that he did pass it and that he endorsed a forged or fictitious name to facilitate its passage, and that in passing other checks given him by the boy he endorsed on each of them a different name; not his own.

The appellant also requested the court to instruct the jury that if he did not know the checks were forged, he would not be guilty. This proposition, in a negative way, was, in substance, embraced in the main charge. It would not have been inappropriate to have given the special charge as an affirmative presentation of appellant's theory. However, its refusal, under the evidence, was not calculated to injure the app<sup>r</sup>llant, and under Article 743, Code of Criminal Procedure, would not be an error authorizing a refusal. Eggleston v. State, 59 Texas Crim. Rep., 543; Vernon's Crim. Statutes of Texas, Vol. 2, page 506, notes 16 and 19.

Appellant, by motion to quash and motion in arrest of judgment, attacked the indictment. The substance of both being a general exception, together with the claim that the indictment is duplicitous in charging two offenses in one indictment without showing the relation between them; that it is ambiguous in showing the instrument to have been a check drawn on two banks; that it failed to show that it was such an instrument as would increase or diminish the obligation or transfer any property to C. A. Morris. The instrument we copy as follows:

Guaranty          McGregor, Texas, Aug. 6, 1921          No. ————
  Fund
  Bank            FIRST STATE BANK     88     449
Pay to                    Jeff Brady              · or Bearer $18.65
            Eighteen and 65/100 _____ Dollars
                                                  C. A. Morris.

that the name of Jeff Brady appears on the back of said instrument.

The instrument, being a check ordinarily used in commercial transactions, would have had the effect to create, increase or diminish, discharge or defeat, a pecuniary obligation. Cyc. of Law & Procedure, Vol. 19, page 1384; Branch's Ann. Texas Penal Code, Sec. 1348. ·

The fact that forgery and uttering a forged instrument are charged in separate counts in the same indictment does not render it duplicitous. Chester v. State, 23 Texas Crim. App. 577; Barnwell v. State, 1 Texas Crim. App., 745. An inspection of the instrument sufficiently

disposes of the claim that it was ambiguous in the particulars mentioned.

We find nothing presented for review which would authorize us to reverse the case and it is therefore affirmed.

*Affirmed.*